# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CYCLONAIRE HOLDING CORP., a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>DONALD E. BAKER, BRUCE A. HOCKING, AS SELLERS' REPRESENTATIVE, GLENDA BAKER, PATRICIA SALTZMAN, JERRY L. ELFRING, CHESTER KLIEWER, DERYL L. KLIEWER, JOHN MEOLA, MERLIN C. MOHNIKE, JOSEPH B. MORRIS, ROGER L. QUAINTANCE, RYAN R. QUICK, ROBERT D. RANDALL, SCOTT SCHMID, AND FRED WUERTELE<br><br>Defendants. | Case No. 4:16-cv-00467<br><br>**STIPULATED PROTECTIVE ORDER** |

The parties, by and through their respective undersigned counsel, hereby stipulate to and request the entry of the following Protective Order in order to expedite the flow of discovery, facilitate the resolution of disputes over claims of confidentiality and provide adequate protection for material deemed confidential.

IT IS HEREBY ORDERED THAT:

1. <u>APPLICATION</u>. This Protective Order limits the use or disclosure of documents, deposition testimony, or other discovery designated as "Confidential" and it applies to: (a) documents, deposition testimony and electronic data designated to be subject to this Protective Order as set forth below; (b) information, copies, extracts, and complete or partial summaries of documents, deposition testimony and electronic data so designated; (c) answers to interrogatories, responses to requests for admissions, responses to requests for production, and initial disclosures (and exhibits to any of these

materials) which are designated by any party as "Confidential" under this order; and (d) portions of briefs, affidavits, memoranda, or any other writing filed with the Court (and exhibits thereto) which include any materials or information identified in (a), (b), or (c) of this paragraph.

2. <u>CONFIDENTIAL DOCUMENTS</u>. A party producing documents or electronic data in discovery may stamp as "Confidential" or so designate by written notice with reference to the applicable Bates numbers, any document, disc or other media which it believes contains confidential or proprietary personal or business information and/or trade secrets. A party which has produced documents prior to the entry of this Order may, within ten days of the entry of this Order, inform the party to whom documents were produced that certain documents (identified by Bates numbers) already produced are designated as "Confidential." Further dissemination and disclosure of documents designated as "Confidential" and the information in documents so designated shall be limited as set forth in this Protective Order.

3. <u>DEPOSITION TRANSCRIPTS</u>. Any party may designate as "Confidential" any portion of deposition testimony which it believes contains confidential or proprietary business information and/or trade secrets. The party shall so designate the portions of the deposition transcript either at the time of the deposition or within thirty (30) days following that party's counsel's receipt of the transcript of the deposition from the reporter. Each such reporter shall designate the portions of deposition transcripts designated as "Confidential" with the legend "Confidential—Designated by Counsel."

4. <u>EFFECT OF CONFIDENTIAL DESIGNATION</u>. Documents or electronic data designated "Confidential" and deposition testimony so designated will be retained by counsel and will not be used by counsel or by any party for any purpose other than this

litigation, and will not be disclosed except pursuant to court order entered after notice, to anyone except:

    a.    Counsel who have signed this Order approving it as to form and content, attorneys who are affiliated with the law firms of counsel who have signed this Order, retained outside counsel, in-house counsel, law clerks, secretaries or paralegals directly involved in the conduct of this litigation;

    b.    Individual parties and officers, directors, employees and agents of corporate parties;

    c.    Experts and consultants retained by either of the parties for purposes of assisting in the preparation or presentation of claims or defenses, but only to the extent reasonably necessary to prepare them to testify or when reasonably necessary during their testimony;

    d.    Any deposition or trial witness, during the course of deposition or trial testimony, when necessary to the testimony of such witness;

    e.    Clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, and review of Confidential information, to the extent reasonably necessary to assist the other persons identified in this Paragraph;

    f.    Any person who authored, received, or who otherwise has already been provided access to the document in the ordinary course of business;

    g.    The parties' insurers, reinsurers, ceding companies, and their affiliates;

    h.    Court, court personnel, court reporters and similar personnel.

Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (c) and (d) shall be shown a copy of, and shall agree in writing, or on the record during trial or deposition, to be bound by the terms of this Protective Order. Any party asserting confidentiality of any of its documents during a deposition shall ask the deponent on the record to agree to the terms of this Protective Order. If the deponent refuses to agree, the documents may still be disclosed

during deposition and that disclosure shall not constitute a waiver of confidentiality protections provided by this Protective Order. A witness who does not agree to be bound by the terms of this Protective Order shall sign the original deposition transcript in the presence of the court reporter and shall not be permitted to obtain a copy of the transcript or exhibits of the deposition.

5. <u>NON-PARTY WITNESSES</u>. A non-party witness may designate any document it believes contains confidential or proprietary business information and/or trade secrets as "Confidential" pursuant to this Protective Order by stamping it with such designation prior to production.

7. <u>CHALLENGE TO DESIGNATION</u>. Any party may challenge the "Confidential" designation of any document or other discovery material subject to this Protective Order by notifying all parties of the fact that it is challenging the designation and providing the designating party not less than ten (10) days' notice before moving for an order compelling removal of the designation. The parties shall attempt to resolve such disagreements before submitting them to the Court. Once challenged, the burden to establish confidentiality shall be on the designating party.

8. <u>FILING DOCUMENTS CONTAINING CONFIDENTIAL</u>. Any party filing a document with the Court that contains information or materials that have been deemed "Confidential" shall file that document with restricted status or under seal, in accordance with the rules and procedures provided for under local practice.

9. <u>RETURN OF DOCUMENTS</u>. Any originals or reproductions of any documents and/or other materials containing information designated as "Confidential" shall be (a) returned to the designating party at its expense within thirty (30) days of the designating party's written request, after the conclusion of this action, including appeal,

by entry of a final order; or (b) held in the possession of the receiving party, or its attorneys, pursuant to the terms of this Protective Order and destroyed in accordance with the established document retention policy of the receiving party or that of its attorneys. This Protective Order shall remain in full force and effect after the final resolution of this litigation.

10. <u>USE OF DOCUMENTS BY PRODUCING PARTIES</u>. Nothing in this Protective Order shall limit any party or person in its use of its own documents, or from disclosing its own documents and information, or from any use of documents or other discovery not designated as "Confidential."

11. <u>EFFECT OF PRODUCTION</u>. Neither the designation of any documents as "Confidential" pursuant to this Protective Order nor the production of such documents in discovery shall be deemed a waiver of any objection to the admissibility of such documents or their contents at trial.

12. <u>EXCEPTIONS</u>. This Protective Order shall be binding on any party to whom any material designated as "Confidential" is disclosed absent a showing that the material has become public knowledge without a breach of this Protective Order.

13. <u>APPLICATION TO COURT</u>. Any interested party may apply for a court order seeking any additional disclosure or modifying or limiting this Order in any respect.

14. <u>WAIVER</u>. A party's waiver of any rights under this Protective Order must be made in writing or, if at a deposition or in Court, on the record. A waiver not expressly made general shall be deemed limited to the narrow purpose of the circumstances involved and shall not otherwise waive any of the rights provided by this Protective Order.

15. <u>NON-EXCLUSIVITY</u>. All ethical, legal, and equitable rights and obligations not addressed in this Protective Order remain in force.

SO ORDERED this 12th day of December, 2017.

BY THE COURT:

<u>s/ Cheryl R. Zwart</u>
United States Magistrate Judge

Approved as to form and content:

By: <u>/s/ Nicholas K. Rudman</u>
Thomas E. Johnson # 12089
Nicholas K. Rudman #25182
BAIRD HOLM LLP
tjohnson@bairdholm.com
nrudman@bairdholm.com

By: <u>/s/ Alison M. Gutierrez</u>
Patrick B. Griffin #18072
Alison M. Gutierrez #24025
KUTAK ROCK LLP
patrick.griffin@kutakrock.com
alison.gutierrez@kutakrock.com

By: <u>/s/ Thomas J. Culhane</u>
Thomas J. Culhane #10859
Heather B. Veik #23463
Erickson & Sederstrom PC, LLO
tculhane@eslaw.com

By<u>: /s/ Scott Daniel</u>
Scott E. Daniel #10901
Gettman & Mills, LLP

By: <u>/s/ Lauren Goodman</u>
William F. Hargens #16578
Mark Enenbach #15202
Lauren Goodman #24645
Jay Koehn #25784
McGrath North Mullin & Kratz, PC LLO
whargens@mcgrathnorth.com